# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
      **Plaintiff,**

  v.                                 **Case No. 10-CR-184**

**MICHAEL MARCINIAK**
      **Defendant.**

## DECISION AND ORDER

The government charged defendant Michael Marciniak with making a false statement in connection with the attempted acquisition of a firearm. Specifically, the government alleged that defendant falsely stated that he had not been convicted of a misdemeanor crime of domestic violence, when in fact he had been convicted in Wisconsin state court of battering the mother of his children. Defendant moved to dismiss, arguing that as a matter of law his statement was not false because misdemeanor battery under Wis. Stat. § 940.19(1) does not qualify as a "crime of violence," as that term is defined in 18 U.S.C. § 921(a)(33)(A)(ii).

The magistrate judge handling pre-trial proceedings in this case recommended that the motion be denied. Defendant objects, requiring me to review the matter de novo. See Fed. R. Crim. P. 59(b)(3). I now deny the motion.[1]

---

[1] Defendant also moved to dismiss on Second Amendment grounds. However, as he concedes, that argument is foreclosed by United States v. Skoien, 614 F.3d 638 (7th Cir. 2010). He raises the issue only to preserve it for further appellate review. I therefore adopt the magistrate judge's recommendation that the Second Amendment motion be denied and do not discuss the issue further. The indictment also alleges as a predicate misdemeanor crime of domestic violence defendant's 1995 disorderly conduct conviction. Because I agree with the magistrate judge that battery under § 940.19(1) is a crime of violence, I need not address whether disorderly conduct also is.

**I.**

In determining whether a particular conviction qualifies as a crime of violence, the court applies a categorical approach under which it looks to the statutory elements of the offense in question, rather than the specific conduct in which the defendant engaged. See, e.g., James v. United States, 550 U.S. 192, 202 (2007); United States v. Woods, 576 F.3d 400, 403 (7th Cir. 2009). When a statute describes multiple modes of commission, some that might be a crime of violence and some that might not, the court may apply a modified categorical approach and look to the defendant's charging document, plea agreement, or other similar judicial record for the limited purpose of determining which part of a divisible statute he violated. See, e.g., Shepard v. United States, 544 U.S. 13, 26 (2005); United States v. Ellis, 622 F.3d 784, 798 (7th Cir. 2010).

**II.**

At issue in the present case is whether battery under Wisconsin law is, categorically, a crime of violence. Section 921(a)(33)(A) provides that the term "misdemeanor crime of domestic violence" means an offense that:

(i) is a misdemeanor under Federal, State, or Tribal law; and

(ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim.

18 U.S.C. § 921(a)(33)(A). Wisconsin's battery statute provides that: "Whoever causes bodily harm to another by an act done with intent to cause bodily harm to that person or another without the consent of the person so harmed is guilty of a Class A misdemeanor." Wis. Stat.

§ 940.19(1). The specific issue in dispute is whether § 940.19(1) has the necessary "physical force" element. Neither the Supreme Court nor the Seventh Circuit have squarely addressed this issue.[2] However, both courts have provided guidance in construing other battery statutes, which leads me to conclude that Wisconsin's statute does describe a crime of violence.

In Johnson v. United States, 130 S. Ct. 1265, 1268 (2010), the Supreme Court considered whether the Florida offense of battery by "[a]ctually and intentionally touch[ing]" another person "has as an element the use . . . of physical force against the person of another" and thus constitutes a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). Under Florida's statute, a battery occurs when a person either "1. [a]ctually and intentionally touches or strikes another person against the will of the other," or "2. [i]ntentionally causes bodily harm to another person." Id. at 1269. The Court noted that because the elements of the offense are disjunctive, the state can prove a battery in one of three ways: that the defendant "[i]ntentionally caus[ed] bodily harm," that he "intentionally str[uck]" the victim, or that he merely "[a]ctually and intentionally touche[d]" the victim. Id. Since nothing in the record permitted the district court to conclude that Johnson did more than "[a]ctually and intentionally touch" another person, the Court had to decide whether that conduct involved the use of "physical force." Id.

---

[2]The Seventh Circuit has held that misdemeanor battery under Wisconsin law (when elevated to a felony under the state's habitual criminal statute) qualifies as a crime of violence under U.S.S.G. § 4B1.2. United States v. Peters, 462 F.3d 716, 720 (7th Cir. 2006) (citing United States v. Bissonette, 281 F.3d 645, 646 (7th Cir. 2002)). However, § 4B1.2 defines the term "crime of violence" as any offense punishable by imprisonment for a term exceeding one year (1) that has as an element the use, attempted use, or threatened use of physical force against a person of another, or (2) that involves conduct that presents a serious potential risk of physical injury to another, and the Peters court did not specify which of these provisions it found applicable. Id. Therefore, while Peters suggests that Wisconsin battery qualifies under § 921(a)(33), it does not directly answer the question before me.

3

The Court first noted that, under Florida law, the element of "actually and intentionally touching" is satisfied by any intentional physical contact, no matter how slight. Id. at 1269-70. The Court further noted that while § 924(e)(2)(B)(i) does not define "physical force," the ordinary meaning of that term suggested a degree of power that would not be satisfied by the merest touching. Id. at 1270. The Court declined to construe "force" consistent with the common-law crime of battery, which permitted the element of force to be satisfied by even the slightest offensive touching. Id. The Court noted that while a common-law term of art should ordinarily be given its established common-law meaning, "we do not assume that a statutory word is used as a term of art where that meaning does not fit. Ultimately, context determines meaning[.]" Id. In the context of a statute pertaining to "violent felon[ies]," the Court construed the phrase "physical force" as "violent force – that is, force capable of causing physical pain or injury to another person." Id. at 1271 (citing Flores v. Ashcroft, 350 F.3d 666, 672 (7th Cir. 2003)). Applying this standard, the Court found that the "offensive touching" variant of Florida's battery statute did not amount to a "violent felony." See id. at 1271.

The Johnson Court specifically declined to decide whether the phrase "physical force" has the same meaning in the context of defining a misdemeanor crime of domestic violence, id. at 1273, but the opinion clearly suggests that statutes such as Wisconsin's qualify.[3] As noted above, Wisconsin law requires that a battery defendant cause bodily harm by an act done with intent to cause bodily harm. The statute is not satisfied by a mere offensive touching. Wisconsin law further defines "bodily harm" as "physical pain or injury, illness, or any

---

[3] In his objections, defendant correctly notes that Johnson does not directly control the outcome here. However, for the reasons stated in the text, Johnson clearly favors a finding that Wis. Stat. § 940.19(1) describes a crime of violence.

4

impairment of physical condition." Wis. Stat. § 939.22(4). This essentially tracks the Johnson Court's definition of physical force – force capable of causing "physical pain or injury." 130 S. Ct. at 1271; see also United States v. White, 606 F.3d 144, 153 (4th Cir. 2010) (applying to § 921(a)(33)(A)(ii) the same meaning of "physical force" adopted by the Supreme Court in Johnson).[4] And, under Wisconsin law, the defendant's physical act must "cause" that bodily harm, see Wisconsin Pattern Criminal Jury Instructions 1220; it is not sufficient that the harm result from the victim's offense at the act.

In a series of cases, the Seventh Circuit has likewise suggested that battery statutes such as Wisconsin's describe crimes of violence. In LaGuerre v. Mukasey, 526 F.3d 1037, 1038-39 (7th Cir. 2008), the court of appeals considered whether a conviction for domestic battery under Illinois law qualified as a crime of violence under 18 U.S.C. § 16(a). Section 16(a), much like § 921(a)(33)(A), defines the term crime of violence as an offense that has as an element the "use, attempted use, or threatened use of physical force against the person or property of another." The applicable Illinois battery statute provided "that [a] person commits domestic battery if he intentionally or knowingly without legal justification by any means: (1) Causes bodily harm to any family or household member." Id. at 1039. The Seventh Circuit held

---

[4]In his brief before the magistrate judge, defendant relied primarily on White. However, the White court found that the Virginia statute at issue there, unlike Wisconsin's law, permitted conviction based on mere offensive touching. 606 F.3d at 147-48. The White court, applying Johnson, concluded "that the phrase 'physical force' in § 921(a)(33)(A)(ii) means force, greater than a mere offensive touching, that is capable of causing physical pain or injury to the victim. Accordingly, a conviction for assault and battery in Virginia does not require 'physical force' as an element of the crime." Id. at 156. Because Wisconsin's law requires force sufficient to cause pain or injury, White is distinguishable on its facts. Likewise distinguishable is Flores v. Ashcroft, 350 F.3d 666, 669 (7th Cir. 2003), where the court found that a violation of Indiana's battery statute, which defined an offense as "any touching in a rude, insolent, or angry manner," did not qualify as a crime of violence.

5

that "domestic violence, as defined by this Illinois statute, qualifies as a crime of violence because, as § 16(a) requires, it has as an element the use of physical force." Id. (citing United States v. Upton, 512 F.3d 394, 405 (7th Cir. 2008)). "'This provision of the statute unambiguously requires proving 'physical force': to sustain his conviction for domestic battery, the state had to prove that he '[c]ause[d] bodily harm,' which means that it had as an element 'the use . . . of physical force against the person of another.'" Id. (quoting Upton, 512 F.3d at 405).

In United States v. Rodriguez-Gomez, 608 F.3d 969 (7th Cir. 2010), a post-Johnson case, the court of appeals concluded that an Illinois conviction for aggravated battery qualified as a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). As is pertinent here, that guideline, much like § 921(a)(33)(A), defines the term crime of violence as any offense "under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). The Illinois statute at issue there provided that a person "commits battery if he intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." Id. at 973. Applying the modified categorical approach, the court concluded that the defendant had violated the first prong of the statute, which "requires the 'use, attempted use, or threatened use of physical force.'" Id. at 973-74. The court found Johnson "easily distinguishable."

> There, the Supreme Court held that because under Florida's law, any intentional physical contact, "no matter how slight" constitutes a battery, it was not clear that the defendant's previous conviction for battery had the requisite "physical force against the person of another" to warrant a sentence enhancement. However, here, based on the recitation of the charging document, it is clear that Rodriguez was charged under the first prong of the Illinois statute because he was charged with "caus[ing] bodily harm to an individual."

6

Id. at 974 (internal citation omitted).[5]

Finally, in United States v. Aviles-Solarzano, 623 F.3d 470 (7th Cir. 2010), the court of appeals likewise held that a conviction of aggravated battery under Illinois law, based on the statute's "causes bodily harm" prong, qualified as a crime of violence under U.S.S.G. § 2L1.2. The court concluded that such conduct amounts to "a crime of violence within the meaning of the relevant sentencing guideline because it involves the use of physical force 'capable of causing physical pain or injury to another person.'" Id. at 474 (quoting Johnson, 130 S. Ct. at 1271).

I see no meaningful distinction between the Illinois battery provision discussed in these cases and Wisconsin's misdemeanor battery statute. Both require that the defendant cause bodily harm, which the Seventh Circuit has held requires the use, attempted use, or threatened use of physical force. As the First Circuit explained in construing Maine's battery statute:

> The breadth of conduct covered by the bodily injury branch of the Maine general-purpose assault statute unambiguously involves the use of physical force. In pertinent part, the statute criminalizes the "use of unlawful force against another causing bodily injury." In turn, all three types of bodily injury specified by Maine's criminal code (pain, illness, and impairment) contain the same adjectival modifier: "physical." Common sense supplies the missing piece of the puzzle: to cause physical injury, force necessarily must be physical in nature. Accordingly, physical force is a formal element of assault under the bodily injury branch of the Maine statute.

---

[5]In his objections, defendant argues that Rodriguez-Gomez did not address the argument he makes, instead summarily holding that violation of a so-called "outcome-based" statute constitutes a crime of violence. I cannot agree. While the defendant in Rodriguez-Gomez may not have made precisely the same argument this defendant does, the Seventh Circuit clearly held, in Upton, LaGuerre, and Rodriguez-Gomez that the "causes bodily injury" prong of the Illinois battery statute describes a crime of violence. Defendant notes that the Rodriguez-Gomez court did not circulate the opinion under Circuit Rule 40(e), as it should have if the opinion had created a circuit conflict with those courts of appeals interpreting outcome-based statutes differently. I decline to speculate about the court's implementation of its rules.

7

United States v. Nason, 269 F.3d 10, 20 (1st Cir. 2001) (internal citations omitted);[6] see also United States v. Vincencio-Martinez, No. 10-2496, 2010 WL 5141755 (3d Cir. Dec. 20, 2010) (distinguishing White and holding that because a conviction for assault and battery under Virginia law requires "intent to harm" and the "actual infliction of corporal hurt on another," it constitutes a crime of violence under 18 U.S.C. § 16). Imaginative lawyers might be able to conceive of hypothetical scenarios where bodily injury could be caused absent the use of physical force, but in applying the categorical approach I am concerned with the ordinary case, not "fringe possibilities."[7] United States v. Taylor, No. 10-2947, 2010 WL 5367918, at *3 (7th Cir. Dec. 29, 2010); see also James, 550 U.S. at 208 (explaining that the proper inquiry under

---

[6] I acknowledge that Nason held that both prongs of Maine's battery statute – the "causes bodily harm" prong and the "offensive physical contact" prong – qualified as crimes of violence. I rely only on the Nason court's consideration of the bodily harm prong.

[7] Before the magistrate judge, defendant cited United States v. Villegas-Hernandez, 468 F.3d 874 (5th Cir. 2006), in which the court found that Texas's "outcome-based" battery statute did not qualify as a crime of violence. In so holding, the court imagined scenarios in which a defendant could cause injury without the application of violent force. Id. at 879. As noted in the text, the court's task under the categorical approach is to consider the ordinary case, not odd hypotheticals. It is significant that defendant has cited no Wisconsin case upholding a battery conviction in the absence of physical force, as the term was defined in Johnson. The only Wisconsin case defendant cites is State v. Higgs, 230 Wis. 2d 1 (Ct. App. 1999), in which the court upheld a battery conviction where the defendant threw a cup of urine at the victim. Higgs does not help defendant. The issue on appeal in Higgs was whether the defendant's conduct caused "bodily harm" to the victim. Because Wisconsin's battery statute is not violated by conduct that is merely "offensive," the court considered whether the record contained sufficient evidence that the victim was physically harmed. Based on the victim's testimony that the urine got in his eyes, causing a burning and stinging sensation, the court upheld the conviction. Id. at 5, 11, 13-14. The court concluded "that the act of throwing urine which strikes another and causes pain constitutes a battery." Id. at 16. Clearly, throwing an object at another, striking him and causing pain, involves the use of physical force. Nothing in Johnson or the Seventh Circuit cases discussed above suggests that the physical force must involve the defendant's body coming into direct contact with the victim's body. If that were the rule, violent assaults involving weapons or objects, which will often be more dangerous than unarmed attacks, would fall outside the coverage of the statute.

8

a categorical approach is whether the conduct encompassed by the elements of the offense, in the ordinary case, qualifies as a violent crime, not whether one can hypothesize non-violent cases).

A word about the Seventh Circuit's recent decision in <u>Taylor</u> is in order. In that case, the court of appeals addressed whether a violation of Indiana's battery statute amounted to a crime of violence under § 4B1.2. Indiana law provides that a "person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a Class B misdemeanor." However, the offense is elevated to a Class C felony "if it results in serious bodily injury to any other person or if it is committed by means of a deadly weapon." <u>Id.</u> at *1. The court noted that the felony version could be committed in one of two ways: touching someone in a rude, insolent, or angry manner that (1) "results in serious bodily injury to any other person" or (2) "is committed by means of a deadly weapon," and assumed, without deciding, that the statute was divisible, permitting application of the modified categorical approach. <u>Id.</u> at *2-3. Taylor's charging document revealed that he was convicted of the second category, the "means of a deadly weapon" violation. <u>Id.</u> at *2. The court stated that:

> The government does not argue . . . that either mode of violation . . . would constitute a crime of violence, and instead proceeds on the assumption that the statute is in fact divisible. We will similarly approach the statute as being divisible for the purpose of deciding this appeal, and leave for another day the broader question of whether any violation of Indiana's Class C battery statute would qualify as a crime of violence. It may be the case that the other prong of § 35-42-2-1(a)(3) – touching someone in a rude, insolent, or angry manner that "results in serious bodily injury to another person" – does not categorically qualify as a crime of violence under either prong of the federal definition.

<u>Id.</u> at *3. The court then proceeded to find that touching someone in a rude, insolent, or angry manner by means of a deadly weapon qualified as a crime of violence because in the ordinary case such conduct "will at the very least present a threat of physical force, thus qualifying it

9

under § 4B1.2(a)(1) of the guidelines." Id.

The Taylor court's reservation does not impact my decision here. First, the Indiana statute, unlike either Wisconsin's statute or the Illinois provisions discussed above, permits conviction based on rude or insolent touching, which the Supreme Court found insufficient in Johnson. Second, the Taylor court reserved decision on the first prong of Indiana's statute without citing LaGuerre, Rodriguez-Gomez, or Aviles-Solarzano. Absent some discussion, I cannot from this dicta divine an intent to alter the rule established in those cases.

**III.**

For the reasons set forth above and those stated by the magistrate judge, I find that battery under Wis. Stat. § 940.19(1) qualifies as a crime of violence.

**THEREFORE, IT IS ORDERED** that the magistrate judge's recommendation is adopted, and defendant's motions to dismiss (R. 11, 12) are **DENIED**.

**IT IS FURTHER ORDERED** that this matter is scheduled for **STATUS** on **Friday, January 28, 2011, at 10:45 a.m.**

Dated at Milwaukee, Wisconsin, this 14th day of January, 2011.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge